UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES ATTORNEY GENERAL, et al.,<br><br>　　　　　Respondents. | Case No. 19-cv-06422-YGR (PR)<br><br>**ORDER OF TRANSFER** |

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), is currently incarcerated at the Krome Service Processing Center in Miami, Florida. He has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his custody by ICE, pending his removal from the United States.

Generally, 28 U.S.C. § 2241 is the proper basis for a habeas petition by a state prisoner who is not held "pursuant to the judgment of a State court," 28 U.S.C. § 2254, for instance a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (listing "pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction" as examples of when Section 2241 applies). Section 2241 is the proper basis for the instant petition because Petitioner is challenging his detention pending removal.

Petitioner has chosen to file his action in the United States District Court for the Northern District of California, alleging that this is the proper venue because of the following reasons, which are mostly related to the petition for review ("PFR") he filed with the Ninth Circuit Court of Appeals, which has jurisdiction over the immigration court which heard his case:

> (a): pending PFR here, (b): judicial stay of removal from here, (c): stay of proceedings [for PFR] from here, (d): events of criminal conviction from here in Sausalito give rise to removal proceedings, (e): [Immigration Judge ("IJ")] ordered [case] removed in this circuit, (f): [Petitioner] reside[d] in Berkeley, (g): [Petitioner] work[ed] in Sacramento, (h): the witness in PFR resides and work[s] in San Francisco, (i): [Petitioner has] never been to Miami, [has] no connection [to Miami], (j): [Petitioner] got green card from San

> Francisco, (k): [Petitioner] filed I-751 to renew green card here, [and] (l): good circuit judges who are not racist[s] are from here.

Dkt. 1 at 5 (brackets added).

Section 2241 allows "the [U.S.] Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted the "within their respective jurisdiction" language to mean that a Section 2241 petitioner challenging his present physical custody must file a petition for a writ of habeas corpus in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004).

Here, Petitioner is confined in Miami, Florida, which lies within the venue of the Southern District of Florida. *See* 28 U.S.C. § 89(c). Therefore, the petition must be transferred because jurisdiction does not lie in this district. Petitioner's assertion that he cannot get a fair hearing in the Southern District of Florida does not provide grounds for keeping the case in the Northern District of California because the assertion is unsupported by any plausible facts showing bias in that district. *Cf. Los Angeles Memorial Coliseum Comm'n v. NFL*, 89 F.R.D. 497, 502-12 (C.D. Cal. 1981) (mere perception by defense that local jurors would be prejudiced due to adverse publicity is not sufficient for a transfer).

Accordingly, pursuant to 28 U.S.C. § 1404(a) and in the interests of justice, this case is TRANSFERRED to the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1404(a); *Rumsfeld*, 542 U.S. at 446-47.

The Clerk shall terminate all pending motions as no longer pending in this district and transfer the entire file to the United States District Court for the Southern District of Florida.

IT IS SO ORDERED.

Dated: November 22, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge